UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-20394

MARJORIE SANDY,

    Plaintiff,

v.

CARNIVAL CORPORATION
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE, and
PARK WEST GALLERIES, INC.
d/b/a PARK WEST GALLERY

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, MARJORIE SANDY ("Plaintiff"), through undersigned counsel, sues Defendants, CARNIVAL CORPORATION and PARK WEST GALLERIES, INC. ("Defendants"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1332 and 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of Pearland, Texas.

5. Defendant CARNIVAL CORPORATION is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

6. Defendant CARNIVAL CORPORATION is a citizen of the State of Florida.

7. Defendant CARNIVAL CORPORATION, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8. Defendant PARK WEST GALLERIES, INC. is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, and who at all times material hereto was and is doing business in Miami-Dade County, Florida.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. The incident occurred on or about June 29, 2018, while Plaintiff was a lawfully paying passenger aboard Defendant's cruise ship vessel, the Carnival *Magic*.

11. The Plaintiff was attending the Carnival *Magic's* Art Gallery and Art Auction Program when she tripped and fell over a box. There was a black or dark colored cloth draped around this box, and this box blended with the carpet. As a result of the fall, Plaintiff suffered injuries that included, but are not limited to, a fractured rib, injuries to her groin area, and persistent pain in her rib and groin area.

12. At all times relevant, the Art Gallery, Art Auction area, the subject floors, and the subject box, and the areas surrounding them, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

13. This area lacked adequate safety features to prevent Plaintiff's fall.

14. These hazardous conditions were known, or should have been known, to Defendants in the exercise of reasonable care.

15. These hazardous conditions existed for a period of time before the incident.

16. These conditions were neither open nor obvious to Plaintiff.

17. Nevertheless, at all times relevant, Defendants failed to adequately inspect the area of Plaintiff's incident for dangers.

18. At all times relevant, Defendants failed to adequately inspect the Art Gallery, Art Auction area, the subject floors, and the subject box, and the area surrounding the Art Gallery and Art Auction, to ensure that it was reasonably safe, and in a reasonably safe condition.

19. At all times relevant, Defendants failed to eliminate the hazard(s).

20. At all times relevant, Defendants failed to properly maintain this area.

21. At all times relevant, Defendants failed to maintain the floors which made up this area and failed to maintain the subject box.

22. At all times relevant, Defendants participated in the design and/or approved the design of the Art Gallery, Art Auction area, the subject floors, and the subject box.

23. At all times relevant, Defendants participated in the installation and/or approved the installation of the Art Gallery, Art Auction area, the subject floors, and the subject box.

24. At all times relevant, Defendants participated in the design and/or approved the design of the area surrounding Art Gallery, Art Auction area, the subject floors, and the subject box.

25. At all times relevant, Defendants failed to properly train and supervise its crew.

26. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I – NEGLIGENCE AGAINST CARNIVAL

27. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as is set forth herein.

28. The Defendant CARNIVAL CORPORATION owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

29. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

30. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. At all times material, the Defendant CARNIVAL CORPORATION, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant CARNIVAL CORPORATION,

breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

a. Failing to keep and maintain its Art Gallery and Art Auction area, and the areas surrounding the Art Gallery and Art Auction in a reasonably safe condition, so as to help prevent hazards to its passengers;

b. Failing to inspect, clean, keep and maintain the floors and box of the Art Gallery and Art Auction area, and the areas surrounding the Art Gallery and Art Auction in a reasonably safe condition;

c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

d. Failing to take proper precautions for the safety of passengers using or entering the subject area;

e. Failing to warn Plaintiff of the risk-creating conditions of its Art Gallery and Art Auction area, and the area surrounding the Art Gallery and Art Auction;

f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its Art Gallery and Art Auction area, and the areas surrounding the Art Gallery and Art Auction;

g. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant CARNIVAL CORPORATION and which in the exercise of reasonable care should have been known by the Defendant CARNIVAL CORPORATION;

h. Negligently designing, approving, and/or failing to inspect and remedy the subject area, including the floors and box, and the adjacent areas, such that tripping hazards were present in the walking path of passengers in the subject area;

i. Failing to adequately train its crew to keep the floors at its Art Gallery and Art Auction, and the areas surrounding them clean and free of hazards;

j. Failing to provide proper and adequate medical care in its infirmary, including, but not limited to, failing to treat Plaintiff upon her initial request to be treated, failing to take x-rays or other adequate imaging, failing to diagnose Plaintiff's injuries and/or misdiagnosing her injuries, failing to properly treat her injuries, failing to provide her with copies of her shipboard medical and other records, and aggravating the severity of the injuries by the ship's medical staff;

    k. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant CARNIVAL CORPORATION knew or should have known that this ship was inadequately staffed;

    l. Failing to treat the floors at its Art Gallery and Art Auction area, and the areas surrounding them to prevent them from becoming unreasonably slippery, sticky, or otherwise unreasonably dangerous;

    m. Failing to provide adequate lighting to enable passengers to notice any hazards;

    n. By placing, failing to prevent, and/or causing a black or dark colored cloth to be draped around the subject box.

    o. By failing to prevent and/or causing the subject box to blend with the carpet;

    p. Failing to warn Plaintiff and other passengers of prior similar incidents;

    q. Failing to respond adequately to prior similar incidents and take corrective measures;

    r. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

    s. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

    t. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

33. Defendant CARNIVAL CORPORATION's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant CARNIVAL CORPORATION's negligence, Plaintiff's injuries would not have occurred.

34. Defendant CARNIVAL CORPORATION either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant CARNIVAL CORPORATION implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

35. As a result of the Defendant CARNIVAL CORPORATION's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

36. The losses are either permanent or continuing in nature.

37. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, MARJORIE SANDY, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II – NEGLIGENCE AGAINST PARK WEST GALLERIES, INC.

38. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as is set forth herein.

39. The Defendant PARK WEST GALLERIES, INC. owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

40. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

41. Such duties also include, but are not limited to, the duty to maintain its galleries in a reasonably safe condition for the use and enjoyment of the passengers.

42. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

43. At all times material, the Defendant PARK WEST GALLERIES, INC., through its crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant PARK WEST GALLERIES, INC., breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to keep and maintain its Art Gallery and Art Auction area, and the areas surrounding the Art Gallery and Art Auction in a reasonably safe condition, so as to help prevent hazards to its passengers;

   b. Failing to inspect, clean, keep and maintain the floors and box of the Art Gallery and Art Auction area, and the areas surrounding the Art Gallery and Art Auction in a reasonably safe condition;

   c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

   d. Failing to take proper precautions for the safety of passengers using or entering the subject area;

   e. Failing to warn Plaintiff of the risk-creating conditions of its Art Gallery and Art Auction area, and the area surrounding the Art Gallery and Art Auction;

   f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its Art Gallery and Art Auction area, and the areas surrounding the Art Gallery and Art Auction;

   g. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant CARNIVAL CORPORATION and which in the exercise of reasonable care should have been known by the Defendant CARNIVAL CORPORATION;

   h. Negligently designing, approving, and/or failing to inspect and remedy the subject area, including the floors and box, and the adjacent areas, such that tripping hazards were present in the walking path of passengers in the subject area;

i. Failing to adequately train its crew to keep the floors at its Art Gallery and Art Auction, and the areas surrounding them clean and free of hazards;

j. Failing to provide proper and adequate medical care in its infirmary, including, but not limited to, failing to treat Plaintiff upon her initial request to be treated, failing to take x-rays or other adequate imaging, failing to diagnose Plaintiff's injuries and/or misdiagnosing her injuries, failing to properly treat her injuries, failing to provide her with copies of her shipboard medical and other records, and aggravating the severity of the injuries by the ship's medical staff;

k. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant CARNIVAL CORPORATION knew or should have known that this ship was inadequately staffed;

l. Failing to treat the floors at its Art Gallery and Art Auction area, and the areas surrounding them to prevent them from becoming unreasonably slippery, sticky, or otherwise unreasonably dangerous;

m. Failing to provide adequate lighting to enable passengers to notice any hazards;

n. By placing, failing to prevent, and/or causing a black or dark colored cloth to be draped around the subject box.

o. By failing to prevent and/or causing the subject box to blend with the carpet;

p. Failing to warn Plaintiff and other passengers of prior similar incidents;

q. Failing to respond adequately to prior similar incidents and take corrective measures;

r. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

s. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

t. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

44. Defendant PARK WEST GALLERIES, INC.'s negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant PARK WEST GALLERIES, INC.'s negligence, Plaintiff's injuries would not have occurred.

45. Defendant PARK WEST GALLERIES, INC. either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant PARK WEST GALLERIES, INC. implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

46. As a result of the Defendant PARK WEST GALLERIES, INC.'s negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

47. The losses are either permanent or continuing in nature.

48. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, MARJORIE SANDY, demands Judgment against Defendant PARK WEST GALLERIES, INC., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, MARJORIE SANDY, demands trial by jury on all issues so triable.

**Dated:** January 30, 2019.

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:    (305) 441.0440
F:    (305) 441.0198

By:    */s/ Spencer Aronfeld*
Spencer M. Aronfeld, Esq.
Florida Bar No.: 905161
aronfeld@Aronfeld.com

By:    */s/ Matthias Hayashi*
Matthias M. Hayashi, Esq.
Florida Bar No.: 115973
mhayashi@aronfeld.com